UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVE O'NEAL GREEN, | ) |
|       Petitioner, | ) |
| v. | ) Case No. CIV-22-722-J |
| STATE OF OKLAHOMA, | ) |
|       Respondent. | ) |

### ORDER

Petitioner, a pretrial detainee appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254 seeking habeas relief from pending state court charges. (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Green examined the Petition under Rule 4 of the Rules Governing Section 2254 Cases and issued a Report and Recommendation noting that Petitioner's Petition is properly construed as arising under 28 U.S.C. § 2241 and recommending that the Petition be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971). (Rep. & Rec.) [Doc. No. 25]. Petitioner objected (Petr.'s Obj.) [Doc. No. 29], triggering de novo review.

**I.    Background**

In April 2022, Petitioner was charged with rape by instrumentality in Blaine County District Court. He was found not competent to proceed and is undergoing treatment to regain competency. In June 2022, Petitioner filed a writ of mandamus in the Oklahoma Court of Criminal Appeals (OCCA) seeking a speedy trial. That court declined jurisdiction because Petitioner failed to give adequate notice to the proper party. Petitioner then proceeded to this Court, alleging that he has been denied a speedy trial and is innocent of the charge.

## II.     The Report and Recommendation Findings

On review, Judge Green noted that under the *Younger* abstention doctrine, a federal court must abstain from interfering with state criminal proceedings if (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and, (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.  *See* Rep. & Rec. at 4.  Judge Green then went through each element and concluded that (1) Petitioner's criminal case was ongoing in state court, (2) he has an adequate remedy through both the OCCA (assuming he gives proper notice) and the state district court to assert his speedy trial and innocence claims, and (3) the state criminal proceedings involve important state interests.  *See id.* at 4-6.  Finally, Judge Green concluded that Petitioner had failed to allege bad faith, harassment, or other extraordinary circumstances which would provide an exception to *Younger* abstention.  *See id.* at 6.

## III.    Petitioner's Objections

Liberally construed, the Petitioner's objection claims that federal courts have the authority to dismiss criminal proceedings for speedy trial violations, his right to a speedy trial has been violated, he is being prejudiced by the delay, and he is innocent of the charges.  *See* Pet.'s Obj. at 1-5.  Based on these allegations, Petitioner "asserts dismissal is the only remedy." *Id.* at 4.  But these objections do not address the heart of Judge Green's assessment – that *Younger* prohibits the Court from interfering with the state criminal proceedings at this stage.  And Petitioner does not face irreparable injury considering his request for dismissal.  *See Winn v. Cook*, 945 F.3d 1253, 1262 (10th Cir. 2019) (holding that "the only injury that arises from delaying dismissal of the charges . . . is that the defendant must go through a trial and appeal, which is not the sort of injury

that satisfies the *Younger* exception; in particular, the process of proceeding through a trial and appeal does no damage to the right to a speedy trial").

In sum, Petitioner's arguments provide no basis for rejecting the Report and Recommendation. Because the Court agrees, on de novo review, with Judge Green's findings, the Petition is DISMISSED without prejudice. *See Defreeze v. Oklahoma*, No. CIV-20-321-PRW, 2021 WL 666970, at *1 (W.D. Okla. Feb. 19, 2021) (dismissing petitioner's speedy trial habeas claims under *Younger*).

### IV.   Conclusion

Having carefully reviewed the Petition, Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Green's well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 25] and DISMISSES Petitioner's Petition without prejudice. Petitioner's pending motion, entitled "Leave to File 2021 Oklahoma Statues Title 22 Criminal Procedure § 22-13 Right to Speedy Trial Counsel and Witnesses Universal Citation 22 Ok Stat § 22-13 (2021)" [Doc. No. 15] is DENIED as moot. Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 29th day of November, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE